IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ORLANDO JONES,

                               Plaintiff,                      Case No. 3:06 CV 799

        -vs-

                                                  MEMORANDUM  OPINION

WARDEN, MARION
CORRENTIONAL INSTITUTION,

                               Defendant.

KATZ, J.

## I. Introduction

       This matter is before the Court on Magistrate Judge Vernelis Armstrong's Report and Recommendation (Doc. 18, hereinafter "R & R") and Petitioner Orlando L. Jones's Objections to the R & R (Doc. 19). The R & R was filed in response to (1) Petitioner's Writ of Habeas Corpus (Doc. 1) and Respondent Warden Jeffreys' Return of Writ (Doc. 11), and (2) Petitioner's Traverse and Motion for Evidentiary Hearing (Doc. 13), Respondent's Opposition to Petitioner's Request for Evidentiary Hearing (Doc. 14), and Petitioner's Reply (Doc. 17). The R & R recommended that the Court deny both the Petition for Writ of Habeas Corpus and the Motion for Evidentiary Hearing.

## II.    Background

### A.    Facts and Procedure

       The incarceration that gave rise to these proceedings stems from Petitioner Jones' indictment on charges from two separate incidents in 2002 and 2003. Doc. 14 at 3. After indictment, the two cases were combined for trial. Doc. 14 at 4. Only the second case, regarding

the 2003 incident, is the subject of Jones' Petition for Writ of Habeas Corpus (Doc. 1) and Motion

for Evidentiary Hearing (Doc. 13).  Doc. 14 at 6.

The 2003 incident occurred on June 13 and was described by the Court of Appeals for the

Eighth District, Cuyahoga County, Ohio, as follows:

> The state's evidence showed that police monitored traffic coming and going from
> Petitioner's house and concluded that the short intervals in which persons stayed
> suggested that drug transactions might be occurring within.  They recruited an
> informant to make a prearranged, controlled drug buy from Petitioner.  On the basis
> of that controlled drug buy, the police obtained a search warrant for the premises.
> Before the police could execute the warrant, Petitioner left the premises in his
> vehicle.  The police followed Petitioner and stopped him about two and one-half
> blocks from the house.  They then returned to the house and executed the search
> warrant.  Nearly 100 grams of cocaine were found inside the house.

R & R at 2 (quoting *State of Ohio v. Jones*, No. 83852, 2004 WL 1902378, at *1 (Ohio Ct. App.

2004)).  The June 13 search warrant was executed by Detective Cornell, and an inventory of the

contents seized was made on that date.  R & R at 3; Doc. 1, Exhibit Search Warrant Return.  The

warrant was then returned and filed with the trial court on June 19, 2003.  R & R at 3; Doc. 11,

Exhibit 10 at 9.

The search and arrest on June 13 led to Jones' indictment.  In the ensuing state court case,

the jury found him guilty of drug trafficking, possession of drugs, and possession of criminal

tools.  R & R at 2.  Jones filed a timely notice of appeal with the Court of Appeals for the Eighth

District on November 26, 2003.  R & R at 4.  Before the Court of Appeals entered a decision,

Jones also filed a Motion for Post-Conviction Relief in the court of common pleas.  Doc. 11, Ex.

11.  The motion was denied on August 23, 2004, and the Court of Appeals affirmed Jones'

conviction on September 7, 2004.  Doc. 11, Ex. 9, 19, at 25.  Jones then filed an Application to

2

Reopen the Appeal on December 6, 2004 (Doc. 11, Ex. 17), but that application was denied on March 30, 2005 (Doc. 11, Ex. 21).

Following his unsuccessful filings in the Common Pleas Court and the Court of Appeals, Jones attempted to file a notice of appeal with the Supreme Court of Ohio.  Although the notice stated that it was in regard to the August 26, 2004, judgment of the Cuyahoga County Court of Appeals, it was not received by the Supreme Court of Ohio until May 9, 2005.  Doc. 14 at 2.  The Supreme Court thus denied the appeal as untimely.

**B.      Standard for Granting an Evidentiary Hearing**

Evidentiary hearings in federal habeas proceedings are governed by 28 U.S.C. § 2254(e)(2).  As the Magistrate Judge explained in the R & R,

> If the petitioner "'failed to develop the factual basis of a claim in state court proceedings,' a federal district court may hold an evidentiary hearing only if the petitioner has shown that the claim relies either on a new rule of constitutional law made retroactive on collateral review by the Supreme Court, or on a 'factual predicate that could not have been previously discovered through the exercise of due diligence.'"  *Parsons v. Money*, No. 5:05-CV-1589, 2007 WL 649283, at *9 (N.D. Ohio 2007) (*citing* 28 U.S.C. § 2254(e)(2)(A)(i), (ii)).  "A district court may grant a habeas petitioner an evidentiary hearing if the petitioner 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'"  *Id.* (citing *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002)).

R & R at 6-7.  In addition, section 2254(e)(2)(B) requires the petitioner show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2254(e)(2) (2000).

**C.      Standard for Granting Habeas Relief**

3

Regardless of whether an evidentiary hearing is allowed, a federal court may only grant a state prisoner's petition for habeas corpus if the circumstances of 28 U.S.C. § 2241 are met.  With respect to any claim "adjudicated on the merits in state court proceedings," the adjudication must have either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d) (2000).  If neither of these criteria is met, a federal court may not grant a prisoner's petition for habeas corpus.

## III.    Standard of Review

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), the Court has made a de novo determination of those of the Magistrate's findings to which Petitioner Jones objects.

## IV.    Discussion

Petitioner Jones raises five issues in his objection to the Magistrate's R & R (Doc. 19). First, Jones challenges the validity of the search warrant police used to uncover evidence that led to his conviction.  Second, he argues that his delay in filing an appeal to the Supreme Court of Ohio was due to the "external cause" of slow mail delivery at the Marion Correctional Institute where he is currently incarcerated.  Third, he claims to have exhausted state remedies prior to requesting habeas relief by attempting to file an appeal with the Supreme Court of Ohio (which appeal was denied as untimely).  Fourth, he argues ineffective assistance of trial and appellate

4

counsel; and, fifth, he claims that he must receive an evidentiary hearing in federal court because he was denied such a hearing in state court.

The Magistrate's R & R appropriately addressed each of the issues raised in Petitioner's objections.  The Magistrate found Jones' claims to be procedurally defaulted based on failure to exhaust state remedies, preclusion, and filing delay.  She also held that none of his claims were sufficient to meet the statutory standards for granting habeas relief or an evidentiary hearing in federal court.  Because the Magistrate was correct in her ruling on each of the claims, the Court herein adopts the R & R.

### A.      Search Warrant Defects

In his objections, Petitioner Jones focuses on a discrepancy between the June 13, 2003, search warrant and accompanying inventory.  The inventory lists the time of entry into his home as 8:20 p.m., while the search warrant shows time of entry as 9:45 p.m.  Doc. 19 at 2.  Jones claims that the time difference indicates police dishonesty and thus violates his Due Process rights.  Doc. 19 at 1.  Because of this detail, he argues, all evidence gathered between 8:20 and 9:45 should be excluded as evidence as fruit of the poisonous tree.  As explained below, the claim is procedurally defaulted and does not warrant either an evidentiary hearing or habeas relief.

The Magistrate Judge found sufficient evidence from Jones' trial to establish that the search warrant was signed and executed on June 13, 2003, and was supported by probable cause. R & R at 7.  As discussed in Section B below, Jones failed to follow the proper procedural channels to appeal the state court evidentiary rulings.  Thus, his warrant claim has been procedurally defaulted.

The warrant argument also does not meet the statutory test for a federal evidentiary hearing after state proceedings.  The Magistrate Judge concluded that Jones "presented no more than unsubstantiated allegations that the underlying record was not developed in the state court proceedings or that his claim cannot be resolved from the pleadings in the record."  R & R at 7. Jones has revealed no new rule of constitutional law that would apply to his situation.  R & R at 7. Since the warrant argument implicates neither "a new rule of constitutional law made retroactive on collateral review by the Supreme Court," 28 U.S.C. § 2254(e)(2)(A)(i), nor "a factual predicate that could not have been previously discovered through the exercise of due diligence," 28 U.S.C. § 2254(e)(2)(A)(ii), it does not justify an evidentiary hearing.

Finally, the argument does not satisfy the requirements for federal habeas relief.  The time discrepancy is a minor factual issue.  None of the Ohio courts reached a decision that was "contrary to" or an "unreasonable application of" federal law.  28 USC § 2254(d)(1).  Nor has Jones shown that the jury at his trial used the warrant, inventory, and police testimony to arrive at "an unreasonable determination of the facts."  28 USC § 2254(d)(2).  Sufficient evidence was presented at trial from which a reasonable juror could conclude that the warrant was valid and properly executed, despite the clerical error.  R & R at 7.

**B.       "External Cause" for Delayed Filing of Appeal**

The Magistrate Judge found that "while state court remedies were still available, [Jones] filed a motion for post conviction relief and an application to reopen [his] appeal."  R & R at 10. "[He] failed to comply with [a] firmly established state procedural rule" by entering the motion and application, by petitioning for habeas corpus, and "by not filing his appeal with the appellate court and/or the Ohio Supreme Court within the period set forth in the Ohio Supreme Court Rules

6

and the Ohio Rules of Appellate Procedure."  R & R at 10.  Since Jones' only proper notice of
appeal was filed more than 45 days after the adverse ruling on which it was based, "[his] claims
are … procedurally defaulted by failing to file a timely notice of appeal as prescribed by the
firmly established and regularly followed appellate and Supreme Court rules of procedure."  R &
R at 10.

Jones argues that his notice of appeal to the Supreme Court of Ohio was untimely because
of an "external cause" - "governmental interference of the Marion Prison mail room policy."  Doc.
19 at 1.  He cites *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), for the proposition that a cause
may excuse procedural default when it is something external to the petitioner that cannot fairly be
attributed to him.  Yet he has produced no proof that there was any actual delay in the Marion
Correctional Institute mail room, despite many opportunities in state court to do so.  R & R at 7.
Moreover, even if there had been a mail room delay of a few days or even weeks, that would not
excuse the eight month lapse between the adverse ruling by the Ohio Court of Appeals and receipt
of Jones' notice of appeal by the Ohio Supreme Court.  R & R at 11.

### C.      Attempted Exhaustion of State Remedies Prior to Invoking Federal Jurisdiction

Not only are his claims procedurally defaulted, but Jones' habeas petition cannot be
considered because he failed to exhaust state remedies prior to invoking federal jurisdiction.  As
the Magistrate accurately noted in the R & R,

> [a] federal court will not review claims that were not entertained by the state court
> either due to the petitioner's failure to raise those claims in the state courts while
> state remedies were available or when the petitioner's failure to comply with a state
> procedural rule prevented the state courts from reaching the merits of the claims.

7

R & R at 9-10 (quoting *Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426, 430-31 (6th Cir. 2006)).  Under this standard, a federal court may not hear Jones' claims.

Exhaustion of state remedies "is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."  R & R at 9 (citing *Smith*, 463 F.3d at 430-31).  Jones argues that he "did give the Highest State [C]ourt an opportunity to hear his claims, [but] they refused to honor the mail box rule."  Doc. 19 at 1.  He claims that pursuant to the "mailbox rule," his notice of appeal should have been accepted for review by the court.  Under the common law mailbox rule, correspondence may be effective upon date of sending, as opposed to upon date of receipt.  However, pleadings are governed by court rules, not common law principles.  Rule 13 of the Ohio Rules of Appellate Procedure states that "filing shall not be timely unless the documents are received by the clerk within the time fixed for filing."  OHIO R. APP. P. 13.  Thus, the date a court document is placed in the mail is irrelevant.   Jones did not give the Ohio Supreme Court an opportunity to hear his claims, as his appeal to that court was untimely under court rules.

### D.    Ineffective Assistance of Counsel

In both his motion for post-conviction relief and his application to reopen his appeal, Jones argued that his trial and appellate counsel were ineffective.  As discussed above, Jones did not properly exhaust state appeals for the motion or application.  Because he did not exhaust state remedies, his ineffective assistance of counsel arguments are procedurally defaulted.

In his Objection, Jones argues that competent counsel would have raised the issue of the warrant time discrepancy prior to trial, presumably in a motion to suppress.  Doc. 19 at 3.  However, the Respondent pointed out that "[f]ailure to raise a meritless argument is not

8

ineffectiveness." Doc. 14 at 4 (citing *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985)). As discussed above, sufficient evidence was presented at trial to show that the clerical error on the search warrant documents was an irrelevant detail. Thus, raising the issue at trial could be considered meritless, and failure to raise it would not implicate counsel's competence. Moreover, because of the insignificance of the issue and the weight of evidence making it irrelevant, such an error would not be prejudicial to Jones' interest, but would be considered harmless error. In addition, Jones' opportunity to challenge that argument would have come in the form of the state court appeals process, had he chosen to pursue the proper procedure.

Jones also argues that his counsel did not give him proper post-conviction advice, which resulted in his failure to file timely appeals to the adverse state court rulings. This argument was alleged in Jones' motion for post-conviction relief and application to reopen appeal. R & R at 10. Because it was heard and decided at the state court level, but state court remedies were not exhausted, it cannot be heard at the federal court level absent satisfaction of 28 U.S.C. 2254(e)(2)(B) to support an evidentiary hearing, or 28 U.S.C. § 2254(d) to support the habeas petition. As the Magistrate noted,

> [Jones] offers only his unsuccessful constitutional attack on … his trial counsel as grounds for a hearing and discovery. He has not attempted to show to this Court a previously undiscovered factual predicate that establishes, by clear and convincing evidence, that no reasonable fact finder could find him guilty of the offense if these issues were resolved. [His] allegations against … trial counsel can be resolved from the pleadings in the record.

R & R at 7.

### E. Lack of Evidentiary Hearing at State Court Level

Jones' final objection asserts that he is entitled to an evidentiary hearing in federal court because he was denied such a hearing during the state criminal proceedings. Doc. 19 at 1. He

9

claims that Federal Rule of Civil Procedure 41 requires dismissal of this action because of the state's "failure to comply with [a] precondition requisite to the Court's going forward to determine the merits of his substantive claim."  Doc. 19 at 1 (quoting *Costello v. U.S.*, 365 U.S. 265, 285 (1961)).  Even assuming that the principles behind a civil procedural rule would apply to a criminal case such as the one at issue, this argument does not succeed.  Although Jones contends that lack of an evidentiary hearing was such a "precondition," and thus the criminal case against him should not have proceeded to judgment, he does not explain why such a hearing would have been "requisite to the Court's going forward to determine the merits of his substantive claim."  As the Sixth Circuit held in *Bowling v. Parker*, "the fact that [a criminal defendant] is not disqualified from receiving an evidentiary hearing under § 2254(e)(2) does not entitle him to one."  344 F.3d 487, 512 (6th Cir. 2003), *cert. denied*, 125 S. Ct. 281 (2004).  Assuming that the Ohio courts did not hold an evidentiary hearing in Jones' case, he has not met the other two elements of the relevant standard.  He has neither alleged sufficient grounds for relief, nor raised a relevant factual dispute.  *Parsons v. Money*, No. 5:05-CV-1589, 2007 WL 649283, at *9 (N.D. Ohio 2007) (citing *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002)).

**V.      Conclusion**

For the reasons discussed herein, the Report and Recommendation of the Magistrate Judge is adopted as the order of this Court.  The petition for writ of habeas corpus is denied. The motion for evidentiary hearing is denied. (Doc. No. 13)

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.

IT IS SO ORDERED.

                                               *s/ David A. Katz*
                                             DAVID A. KATZ
                                             U. S. DISTRICT JUDGE